IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RICHARD LEE WELCHER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV05-184-S-MHW |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| IDAHO DEPARTMENT OF CORRECTION, PRISON HEALTH SERVICES, WARDEN BLADES, and LARRY HYNES, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is the review of Plaintiff's Prisoner Civil Rights Complaint (Complaint) to determine whether Plaintiff is entitled to proceed *in forma pauperis* and whether the allegations of the Complaint are subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2). Plaintiff also filed two motions: (1) Motion to Proceed *In Forma Pauperis* (Docket No. 1); and (2) Motion to Attach Additional Defendant (Docket No. 6). Plaintiff consented to the jurisdiction of a Magistrate Judge to determine this matter, in accordance with 28 U.S.C. § 636 (c) and Fed. R. Civ. P. 73.

Having reviewed the record and otherwise being fully informed, the Court has determined that Plaintiff's Complaint adequately alleges claims under the Eighth Amendment and the Americans with Disabilities Act. Plaintiff's motion requesting *in*

**ORDER  1**

*forma pauperis* filing status is granted, and the motion requesting leave to add an additional Defendant is denied.

## I.

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC). He is presently incarcerated at the Idaho State Correctional Institution (ISCI). Plaintiff sued the State of Idaho, the Idaho Board of Corrections, the Idaho Department of Correction (IDOC), ISCI, and Prison Health Services (PHS). He also named the following individuals in the Complaint: Governor Kempthorne, IDOC Director Tom Beauclair, Warden Blades, and Larry Hynes.

Plaintiff alleges that Defendants violated his rights under the Eighth Amendment and the Americans with Disabilities Act (ADA). He is seeking declaratory and injunctive relief and compensatory damages for the alleged violation of his rights.

Plaintiff alleges that he was injured in a bicycle accident when he was young, and suffers from numerous physical ailments, including chronic pain. He alleges that he suffers from seizures, neck pain, ankle pain, and a psychological disorder. He further alleges that he is being discriminated against based on his various disabilities.

Plaintiff also alleges that he was held in punitive segregation under conditions that caused him physical harm when he suffered seizures. He claims that there was no emergency call button in the segregation cell. He also claims that he was denied

**ORDER  2**

medication for his seizure disorder and chronic pain conditions.

Finally, Plaintiff claims that correctional officers retaliated against him when he complained about the lack of medical treatment and medication.  He alleges that he received DORs for complaining about his medical conditions.

## II.

## REVIEW OF COMPLAINT

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915.  The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

### A.  ADA and Rehabilitation Act Claims

Title II of the ADA applies to a "qualified individual with a disability who with or without reasonable modifications to rules, policies, or practices, . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."  42 U.S.C. § 12131(2).  The Supreme Court has held that the plain language of Title II of the ADA extends to prison inmates who are deprived of the benefits of participation in prison programs, services, or activities because of a physical disability.  *See Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206,

**ORDER  3**

211, 118 S. Ct. 1952, 1955 (1998).

Plaintiff has adequately alleged a claim under the ADA. Accordingly, he will be allowed to proceed with this claim against the IDOC. *See Baird v. Rose,* 192 F.3d 462, 471 (4th Cir. 1999) (Title II of the ADA does not recognize a cause of action for discrimination by private individuals, only public entities). Plaintiff has failed to include allegations linking the State of Idaho, the Idaho Board of Corrections, and ISCI to the alleged disability discrimination. Accordingly, he will not be allowed to proceed against any governmental entity other than the IDOC.

Plaintiff will also be allowed to proceed with the ADA claim against PHS. *See McNally v. Prison Health Services*, 46 F. Supp.2d 49, 58 (D. Maine 1999)(holding that genuine issue of material fact exists as to whether PHS violated inmate's rights under the ADA).

### B. Eighth Amendment Claim

To state a claim under the Eighth Amendment, a plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), or that incarceration deprived him of the minimal civilized measure of life's necessities, *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995). A plaintiff must also show that Defendants were deliberately indifferent to plaintiff's needs. Deliberate indifference exists when an official knows of and disregards an unconstitutional condition or when the official is aware of facts from which the inference

**ORDER  4**

could be drawn that a risk of harm or violation exists, and actually draws the inference. *Farmer v. Brennan,* 511 U.S. at 837.

Plaintiff has adequately stated a claim under the Eighth Amendment against Warden Blades and Larry Hynes.  There are insufficient allegations linking Defendants Kempthorne, Beauclair, and the Director of the Idaho Board of Corrections to the alleged Eighth Amendment violations.  Accordingly, these Defendants will be dismissed from the action at this time.

The Court will direct the Clerk of Court to serve a Notice of Waiver of Service of Summons on Defendants' counsel.  The Court construes the Complaint in this action to consist of the first twenty-two pages of the Complaint and the attached Affidavit of Plaintiff.  The remaining ninety pages of "supporting facts" will not be included as part of the Complaint.  Therefore, Defendants are not required to consider these pages when filing an answer to the Complaint.

### III.

### DISPOSITION OF PENDING MOTIONS

Plaintiff filed a motion to proceed *in forma pauperis*, supported by an affidavit of assets and a prison trust account statement.  It appears that good cause exists to grant Plaintiff's request for *in forma pauperis* filing status.  Accordingly, the motion is granted.

Plaintiff also filed a motion requesting that he be allowed to add Correctional Medical Services, the new medical provider at ISCI, as a Defendant in this lawsuit.

**ORDER  5**

Plaintiff has failed to adequately allege either an ADA or Eighth Amendment claim against Correctional Medical Services (CMS). CMS became the medical provider at ISCI less than one month ago, and Plaintiff's conclusory allegation that CMS is a successor to PHS is insufficient to link the new medical provider to any alleged wrongdoing. Therefore, Plaintiff's motion to add CMS as a Defendant is denied at this time.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the named Defendants shall be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If Defendants choose to waive service, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(B). Accordingly, the Clerk of Court shall serve a copy of the Complaint (Docket No. 4), a copy of this Order, and a Waiver of Service of Summons to Paul Panther, Deputy Attorney General, Idaho Department of Correction, P.O. Box 83720, Boise, Idaho 83720-0018, on behalf of Defendants the IDOC and Warden Blades. The same set of documents shall be served on Joseph D. McCollum, Hawley, Troxell, Ennis & Hawley, P.O. Box 1617, Boise, ID 83701-1617, on behalf of Defendants PHS and Hynes. A courtesy copy of the same set of documents shall be sent to Prison Health Services, Attn: Rick Dull, 1111 South Orchard Street, #242, Boise, ID 83705.

**ORDER  6**

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Proceed *in Forma Pauperis* (Docket No. 1) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Attach Additional Defendant  (Docket No. 6) is DENIED.

DATED: **August 10, 2005**

Honorable Mikel H. Williams
United States Magistrate Judge

**ORDER  7**