IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD LEE WELCHER, ) | |
| ) | |
| Plaintiff, ) | Case No. CV05-184-S-EJL |
| ) | |
| vs. ) | **MEMORANDUM ORDER** |
| ) | |
| IDAHO DEPARTMENT OF ) | |
| CORRECTION, PRISON HEALTH ) | |
| SERVICES, WARDEN BLADES, ) | |
| and LARRY HYNES, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court are the following motions: (1) Plaintiff's Motion for Sanctions (Docket No. 22); (2) Defendants' Motion to Dismiss (Docket No. 25); (3) Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Docket No. 33); and Plaintiff's Motion for Payment Schedule (Docket No. 35).

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC). He is presently incarcerated at the Idaho State Correctional Institution (ISCI). Plaintiff alleges that Defendants violated his rights under the Eighth Amendment and the Americans with Disabilities Act (ADA). Plaintiff claims that he was injured in a bicycle accident when he was young, and he suffers from numerous physical ailments, including chronic pain. He alleges that he suffers from seizures, neck pain, ankle pain, and a psychological disorder. He further alleges that he is being discriminated against based on his various disabilities.

Plaintiff also alleges that he was held in punitive segregation under conditions that caused

**ORDER  1**

him physical harm when he suffered seizures. He claims that there was no emergency call button in the segregation cell. He also claims that he was denied medication for his seizure disorder and chronic pain conditions. Finally, Plaintiff claims that correctional officers retaliated against him when he complained about the lack of medical treatment and medication. He alleges that he received DORs for complaining about his medical conditions.

Plaintiff was authorized to proceed with an ADA claim against the IDOC and PHS Defendants. Plaintiff was also authorized to proceed with a claim under the Eighth Amendment against Warden Blades and Larry Hynes.

**PENDING MOTIONS**

**Motion to Dismiss**

The Court will first consider Defendants' Motion to Dismiss because Defendants claim that Plaintiff failed to complete the prison grievance system. Plaintiff attached several inmate concern forms to his Complaint within a section entitled "Supporting Fact I; Exhaustion." *Complaint*, Docket No. 3-3, p. 1. Some of Plaintiff's complaints were addressed by either IDOC personnel or the medical provider. For example, he was informed that he would be placed in the infirmary for evaluation of his seizure condition. *Id.*, p. 9-10. Other concern forms were stamped with the instruction "Submit a Health Services Request." *Id.*, p. 12, 16, 18, 19. It appears that Plaintiff was given an order for a lower bunk assignment because of his seizures, and therefore, he obtained some of the relief he requested on the concern form. It does not appear that Plaintiff pursued an appeal on other issues relating to his medical or psychiatric conditions. It also does not appear from

**ORDER  2**

Plaintiff's concern and health services request forms that he ever complained about being discriminated against due to his alleged disability.

In Defendants' Motion to Dismiss, Patricia Sprout submitted an affidavit listing Plaintiff's concern and grievance forms which had been recorded by Defendants. *Affidavit of Patricia Sprout*, Docket No. 25-3, p. 3. Defendants allege that Plaintiff failed to complete the grievance procedure on any concern forms he submitted during 2004 because he did not submit grievance forms to a reviewing authority. Defendants also state that during 2005, Plaintiff properly submitted three grievance forms, but he failed to appeal the grievances when they were denied. *Id*., p. 3, and Exhibits A, B, C. Therefore, Defendants argue that Plaintiff was fully aware of the grievance procedure for both medical and non-medical issues, but he failed to complete the grievance procedure as to any of the claims set forth in his civil rights Complaint.

**Discussion**

A prisoner is required to exhaust all of the available administrative remedies within the prison system before bringing a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e (a). Exhaustion must occur prior to filing suit; a prisoner may not exhaust his administrative remedies during the course of a civil rights action. *McKinney v. Carey*, 311 F.3d 1198, 1199-2101 (9th Cir. 2002).

Failure to exhaust the grievance procedure is an affirmative defense that must be brought as an unenumerated 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1121 (9th Cir. 2003).[1]

---

[1] In deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20.

**ORDER 3**

Defendants bear the burden of proving (1) failure to exhaust and (2) that further administrative remedies are available to the plaintiff. *Brown v. Valoff*, 422 F.3d 926. 935 (9th Cir. 2005).

Administrative exhaustion requires an inmate to *complete* all avenues of administrative appeal open to him, regardless of whether the appeal he files is accepted or rejected by the prison. *Ngo v. Woodford*, 403 F.3d 620, 630 (9th Cir. 2005).[2] For example, in *Ngo*, the inmate filed an appeal, but it was deemed untimely and the merits of the appeal were not considered. *Id*. at 630. The court held that Ngo had exhausted his administrative remedies and could proceed to federal court because there were no avenues of administrative review open to him at the prison. *Id*. Thus, where an inmate's administrative appeal is denied on procedural grounds, the exhaustion requirement of

§ 1997e (a) is satisfied. *Id*.

When a prison grievance procedure does not require identification of specific individuals who caused the alleged constitutional violation, but asks only that an inmate describe the problem and declare the remedy requested, administrative remedies were deemed exhausted as to the claims against all individuals named in the complaint. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005)(holding that the district court erred by dismissing the complaint for failure to exhaust when the inmate used the prison's form for requesting reasonable accommodation under the ADA).

In *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005), the Court of Appeals held that an inmate need not exhaust further levels of review once he has either (1) been granted relief and "received all 'available' remedies at an intermediate level of review" or (2) been "reliably informed by an

---

[2]The United States Supreme Court has granted a writ of certiorari in *Ngo*, at 74 U.S.L.W. 3301 (Nov. 14, 2005).

**ORDER  4**

administrator that no remedies are available." *Id*. at 935. The Ninth Circuit reached this result even though the prison system had a third-level appeal that was never utilized in Brown's instance.

If the court concludes that the prisoner has failed to exhaust administrative remedies and further remedies are available to him, the proper remedy is dismissal without prejudice, and the statute of limitations is tolled while an inmate completes a mandatory administrative exhaustion process. *Brown*, 422 F.3d at 942-43.

After reviewing the concern and health services request forms attached to the Complaint and to Defendants' Motion to Dismiss, the Court agrees with Defendants' argument that Plaintiff did not avail himself of the grievance procedure as to the claims in his Complaint before he filed it. Therefore, Defendants were not given the opportunity to address the grievances prior to the time Plaintiff filed his Complaint in federal court. Although Defendants do not specifically state that the grievance procedure is still available to Plaintiff, the Court assumes that Defendants will allow Plaintiff to complete the grievance procedure as to those issues he set forth in his Complaint. Otherwise, it would be futile to dismiss the Complaint and require Plaintiff to utilize the grievance procedure.

Accordingly, Plaintiff's Complaint will be dismissed without prejudice to re-filing it after he has completed the prison grievance system as to all claims. Despite Plaintiff's insistence that he is not required to use the grievance procedure for Title II ADA claims, he must complete the grievance procedure on the alleged disability discrimination issue before including it in a civil rights complaint. *See Butler v. Adams*, 397 F.3d at 1183. Therefore, Defendants' Motion to Dismiss is granted.

**ORDER  5**

**Other Pending Motions**

Plaintiff also filed a Motion for Sanctions based on Defendants' alleged failure to answer requests for admission. Based on the dismissal of the Complaint, the Court will not address the merits of this discovery motion, but Plaintiff is advised that many of the requests for admission are not in proper form. Requests for admission are the procedure whereby one party can request that another party admit the truth of any relevant fact or the genuineness of a relevant document. Fed. R. Civ. Proc. 36. Requests for admission may not contain compound statements, and the requests should be simple, direct, and relevant to the issues in the case. The requests may contain "an application of law to fact." *Id.*, 36 (a); *see also Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937 (9th Cir. 1994)(defendant was required to admit or deny that the care and treatment provided by a doctor failed to comply with the applicable standard of care). The requests cannot be used to compel an admission of a conclusion of law. *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999). Therefore, in the event Plaintiff decides to serve Defendants with requests for admission after he re-files his complaint, he must limit the requests for admission to properly framed statements.

Plaintiff should not submit his discovery requests to the Court, but serve them directly on Defendants. In the event a discovery dispute arises, Plaintiff must submit copies of the requests for admission served on Defendants, and the Defendants' responses as an exhibit to the discovery motion. *See District of Idaho Local Civil Rule 37.2* (a discovery motion must include a verbatim recitation of each request and objection which is the subject of the motion, along with a description of the alleged deficiency).

**ORDER  6**

Plaintiff also filed a motion requesting indigent filing status for his case. The Court previously granted the request in its Initial Review Order. Docket No. 7. Therefore, Plaintiff is advised that he does not need to request indigent filing status in a case after it is granted at the outset. Plaintiff also requested a payment schedule for the filing fee in his case, and based on the dismissal of the lawsuit, the issue is now moot. In the event Plaintiff re-files the Complaint, the Court will direct the IDOC to deduct payments for the filing fee from his inmate trust account.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions (Docket No. 22) is DENIED.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion to Dismiss (Docket No. 25) is GRANTED. Plaintiff's Complaint is dismissed without prejudice to re-filing it in the event he is unable to obtain relief through the prison grievance system.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Docket No. 33) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Payment Schedule (Docket No. 35) is DENIED.

DATED: **June 6, 2006**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER  7**